IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAY A. AVERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 25-899 (MN) |
| | ) | |
| UNITED SERVICE AUTOMOBILE ASSOCIATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington, this 20th day of October 2025, for the reasons set forth below, the Court will grant Defendant United Services Automobile Association's Motion for Remand (D.I. 4) and remand this action to the Superior Court of the State of Delaware.

**I.      BACKGROUND**

On June 13, 2025, pro se Plaintiff, a Delaware resident, commenced this action in the Superior Court of the State of Delaware in and for New Castle County. (D.I. 1-1). On July 18, 2025 Defendant timely removed the action to this Court on the basis of diversity jurisdiction. (D.I. 1). A few days later, on July 21, 2025, Defendant filed a motion for remand citing a mistake to Defendant's citizenship. (D.I. 4). On August 11, 2025, Plaintiff filed a Motion to Amend Caption (D.I. 15) wherein he states that Defendant filed a motion to dismiss in the Superior Court "asserting a technical name discrepancy as a basis for dismissal" (*Id*. ¶ 4) and asks this Court to amend the name of the Defendant in this case to "United Services Automobile Association General Indemnity Company" ("USAA GIC") (*Id*. ¶ 5). In response, Defendant acknowledges that USAA GIC is the appropriate Defendant and that this Court would have diversity jurisdiction if the proper defendant was named in the original complaint and at the time of removal. (D.I. 19 at 1).

**II.     DISCUSSION**

Pursuant to 28 U.S.C. § 1332:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;

Defendant has members located in the State of Delaware. (D.I. 4 ¶ 2) and "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Therefore, Defendant is a "citizen" of the State of Delaware, as is Plaintiff, thereby destroying diversity jurisdiction.

This defect cannot be cured by Plaintiff's motion to amend the name of the Defendant. (*See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (diversity of citizenship must have existed at the time the complaint was filed, and at the time of removal); *Vianix Delaware LLC v. Nuance Commc'ns, Inc.*, No. 09-cv-0067, 2009 WL 1364346, at *2 (D. Del. May 12, 2009) (plaintiff could not establish jurisdiction by filing an amended complaint that corrected the plaintiff entity because "the jurisdiction of the court depends upon the state of things at the time of the action brought")).

Nor can diversity jurisdiction "'be conferred by consent' of the parties." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 161 (3d Cir. 2004) (quoting *Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir. 1996). "Where a court lacks subject matter jurisdiction over a dispute, the parties cannot create it by agreement." *Id.*

Rule 12(h)(3) of the Federal Rules of Civil Procedure requires dismissal of an action if, at any point, the Court determines that it lacks subject-matter jurisdiction, which the Court has done here.

THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant United Services Automobile Association's Motion for Remand (D.I. 4) is GRANTED and this matter is REMANDED to the Superior Court of the State of Delaware in and for New Castle County.

2. Plaintiff's subsequently filed motions (D.I. 6, 7, 8, 9, 12, and 15) are **DENIED** as moot.

3. The Clerk of Court is directed to **CLOSE** this case.

*/s/ Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge